UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| SHARON F. TODD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-468-JMH-MAS |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| HYSTER-YALE GROUP, INC., *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

Plaintiff Sharon Todd, through counsel, has moved to amend certain dates in the scheduling order in this action. [DE 16, 17, 18]. Todd has also moved for a hearing on the pending motions. [DE 19]. The Defendants oppose Plaintiff's motion to amend the scheduling order. [DE 22].

But here, Plaintiff has failed to demonstrate good cause to justify amending the current deadlines in the Court's scheduling order. As a result, the Plaintiff's motions [DE 16; DE 18; and DE 19] are **DENIED**.

**I. Procedural Background**

On June 29, 2018, Plaintiff Sharon Todd filed this employment discrimination action in Madison Circuit Court against her former employer Hyster-Yale Group, Inc., and three individuals who either were or are employed at Hyster-Yale. [DE 1-1]. The Defendants

removed the action to federal court based on arising under jurisdiction, 28 U.S.C. § 1331, on July 25, 2018. [DE 1].

On January 2, 2019, the parties submitted a joint report of their Rule 26(f) planning meeting. [DE 12]. The report states that the parties conferred on December 17, 2018. [DE 12 at 1, Pg ID 72]. The report of the parties' planning meeting was filed by counsel for the Defendants with permission from counsel for the Plaintiff. [*Id.* at 7, Pg ID 78]. In response, the Court entered a scheduling order on January 2, 2019. [DE 13].

Subsequently, on April 3, 2019, the Plaintiff submitted a motion to amend or correct the scheduling order. [DE 16]. Then, on April 12, 2019, the Plaintiff filed a supplement to the motion to amend [DE 17], a motion for extension of time for expert witness disclosure [DE 18], and a motion for a hearing on the pending motions [DE 19].

The Court ordered an expedited briefing schedule on these motions. [DE 20]. The Defendants responded in opposition to Plaintiff's motion to amend. [DE 21]. The Plaintiff has replied. [DE 23]. As a result, the pending motions are ripe for review.

**II. Standard of Review and Applicable Law**

The Federal Rules of Civil Procedure provide that "the district judge . . . must issue a scheduling order: (A) after receiving the parties' report under Rule 26(f)." Fed. R. Civ. P. 16(b)(1)(A). The Rule is designed, in part, to ensure that "at

some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16, 1983 advisory committee's notes.

The Federal Rules also provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[1] This Court's local rules generally allow parties to extend deadlines by agreed order but require a motion for an extension of deadlines absent an agreed order. LR 7.1(b).

The Sixth Circuit has instructed that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "A modification of the scheduling order by leave of court is appropriate only when a relevant deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *E.E.O.C. v. U-Haul Intern., Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).

---

[1] It is also worth nothing that Rule 6 may be implicated where a party files a motion after a scheduling order deadline. *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (discussing the interplay between Rule 16 and Rule 6 and citing cases). Still, the Plaintiff has not attempted to file a motion outside the deadline provided in the scheduling order. Thus, the Rule 16 "good cause" standard is the appropriate governing standard at present.

The Court must also consider "possible prejudice to the party opposing the motion." *Id.* Even so, "the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Finally, this Court has recognized both the importance of scheduling orders and the requirement for a showing of good cause to amend a scheduling order absent agreement of the parties. The Court has reiterated that "[a] scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (quoting *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)). "Scheduling Order deadlines are important, and 'parties are obliged to follow them.'" *Adams v. Natures Expressions Landscaping, Inc.*, No. 5:16-cv-00098-JMH, 2018 WL 2452179, at *3 (E.D. Ky. May 31, 2018) (quoting *Century Indem. Co.*, 323 F.R.D. at 239)).

### III. Analysis

In support of the motions to amend, the Plaintiff advances three primary justifications for allowing amendments of the scheduling order. First, the Plaintiff argues that the scheduling order is "not workable" and that the deadlines for joining

4

additional parties and disclosure of expert witnesses should occur near the end of discovery. Second, counsel for the Plaintiff argues that he has been engaged in several other time consuming professional and personal matters, that he is a solo practitioner, and has a "new, untrained staff." Third, Plaintiff contends that the Defendants have not adequately complied with their obligations to provide initial disclosures under Rule 26(a)(1). Each of these assertions of good cause for amending the scheduling order are considered below.

### A. Scheduling Order Impracticalities

First, Plaintiff argues that the deadlines in the Court's scheduling order are not workable and that the scheduling order is "prejudicially flawed in the Defendants' favor." [DE 16; DE 23 at 8, Pg ID 147].

The current scheduling order [DE 13], entered on January 2, 2019, contains the following relevant dates:

- March 18, 2019 – Join additional parties or amend pleadings
- May 15, 2019 – Plaintiff's expert witness report
- July 15, 2019 – Defendant's expert witness report
- August 16, 2019 – Completion of fact and expert discovery
- September 16, 2019 – Dispositive motions and motions in limine deadline
- November 18, 2019 – Final pretrial conference

5

- December 17, 2019 – Jury trial

[DE 13].

Alternatively, the Plaintiff proposes the following schedule:

- September 30, 2019 – written discovery concludes
- October 15, 2019 – Join additional parties and amend pleadings
- October 30, 2019 – Plaintiff expert witness disclosure
- November 30, 2019 – Defendant's expert witness disclosure
- December 31, 2019 – Depositions of experts concluded
- January 31, 2019 – Dispositive motions deadline
- Scheduled at convenience of Court – Motions in limine deadline, final pretrial conference, and jury trial.

[DE 16 at 8-9, Pg ID 111-12].

The Plaintiff claims that the proposed schedule is a more practical and equitable schedule for the course of litigation. In response, the Defendants assert that the Plaintiff is attempting to use discovery as a "fishing expedition" to determine which claims should be asserted and which parties should be joined. [DE 21 at 3, Pg ID 132].

On these points, both parties are partially correct. On the one hand, discovery in the federal system is not intended to allow a plaintiff to file a bare bones complaint and then "fish" for additional claims to assert or parties to add. Allowing plaintiffs to engage in this type of behavior would frustrate the principles

6

behind the federal pleading standards, would delay cases, and would negate the need for the parties to plan the course of litigation. To that end, the federal rules are intended, in part, to ensure that the parties and claims are settled at some point during discovery to define the parameters of the litigation. But, on the other hand, defendants may not weaponize discovery and engage in gamesmanship to hide discoverable material and information from plaintiffs. In civil cases, the federal rules allow for liberal discovery of information and grant the parties considerable leeway in planning the course of discovery.

Initially, it is worth noting that Plaintiff does not propose simply moving a few deadlines. Instead, Plaintiff proposes completely extending all the deadlines in the scheduling order, including the dates for the close of discovery, filing dispositive motions, the final pretrial conference, and the jury trial. For instance, Plaintiff proposes extending the deadline for completion of discovery and the filing of dispositive motions four months later than the original deadlines. Additionally, under the current scheduling order, the action is set for a jury trial in December 2019. But under Plaintiff's proposed schedule, the jury trial would likely occur sometime around April or May 2020. As a result, Plaintiff's proposed amendments will have a substantial impact on the scheduling order and will extend most deadlines in this action by at least four months, if not longer.

Still, submission of a more workable or practical scheduling order does not constitute good cause that justifies amending the current scheduling order. Good cause is not primarily concerned with practicalities or conveniences to the parties. The good cause standard is principally concerned with "the moving party's diligence in attempting to meet the case management order's requirements." *Inge*, 281 F.3d at 625.

Here, Plaintiff is not arguing that she cannot reasonably meet the deadlines in the scheduling order despite due diligence. Instead, Plaintiff asserts that the proposed deadlines are more convenient for her and make more sense in the normal course of litigation. The problem with this argument is that it fails to establish that the moving party has diligently been trying to meet the deadlines in the scheduling order.

Additionally, Plaintiff's arguments that the deadlines in the current scheduling order are unworkable or illogical are completely unavailing because *counsel for the Plaintiff admits that he agreed to these deadlines when the parties had their Rule 26(f) scheduling conference*. [DE 16 at 3, Pg ID 106 ("Plaintiff openly admits that Counsel did not object at that time to the placing of the dates for amendments and for expert disclosures.")]. When counsel for the Plaintiff agreed to the dates in the current scheduling order, he certified to defense counsel and the Court that he agreed to those deadlines and that he could meet those

deadlines through due diligence.  Now, counsel seeks to withdraw his agreement to those deadlines.  But, at this juncture, if the Court allows the Plaintiff to amend these agreed deadlines based on the fact that the Plaintiff has devised a more workable schedule, it will send a message to attorneys in other cases that the Rule 26(f) conference is just a mere suggestion and that such conferences need not be taken seriously.  Such action would also risk undermining the federal rules necessity for scheduling orders to ensure orderly and timely litigation of cases in the federal courts.

Ultimately, Plaintiff's suggestion that the current scheduling order is impractical or unworkable does not constitute good cause to amend the scheduling order.[2]  Clearly, a different schedule would be more convenient for the Plaintiff and may even make more sense as a practical matter.  Regardless, Plaintiff has failed to demonstrate that she could not or cannot meet the deadlines in the current scheduling order through due diligence.

---

[2] Of course, this decision does not completely foreclose the Plaintiff from amending the pleadings or adding parties in the future.  Here, the Plaintiff has failed to demonstrate good cause to justify prospectively moving the deadline for amendment of pleadings and addition of parties.  Still, Rules 15 and 16 are not mutually exclusive.  If the Plaintiff discovers new information that she could not have discovered through due diligence that justifies an amendment to the pleadings or the addition of a party, she may move for such relief if she can show good cause for such an amendment.

As such, the first proffered explanation fails to meet Rule 16's good cause standard to allow amendment of a scheduling order.

### B. Other Time Commitments and Staffing Issues

Second, counsel for the Plaintiff has proffered a few explanations that all fail to demonstrate good cause that would justify a departure from the Court's current scheduling order.

For instance, Plaintiff presents this action as a "David and Goliath story." [DE 23 at 10, Pg ID 149]. Counsel contends that he is a solo practitioner with a busy calendar who is up against a large national law firm and appears to assert that fact somehow entitles him to some type of deferential treatment. [Id. at 10-11, Pg ID 149-50]. Not so. The Federal Rules are not concerned with the identities of the parties or their legal counsel. Instead, the Federal Rules apply equally to all parties, regardless of circumstance or resources.

Additionally, counsel asserts that he delayed three months in seeking these amendments in part because he has a new, untrained staff. But counsel's staff is not responsible for managing his schedule or cases. Counsel has a professional obligation to ensure that his staff is properly trained and to supervise his staff when they work on his cases. If there are inadequacies with the training or work of counsel's staff, those are primarily the responsibility of counsel himself.

Lastly, counsel asserts that "[s]ince the New Year, counsel has been engaged in several time consuming matters . . . [that have] slowed the speed with which he has been able to engage in the case at bar." [DE 16 at 7, Pg ID 110]. Additionally, counsel has listed several upcoming personal engagements that affect his ability to practice this case, including a wedding at his home in October 2019 and a trip abroad in the fall of 2019.

Still, while this Court understands that the time demands of litigation can be unpredictable and that unexpected obligations arise, counsel has a professional and ethical obligation to ensure that he can effectively manage his schedule and prosecute his cases. The upcoming personal engagements that counsel listed have presumably been planned for some time and counsel had an obligation to account for those events when he engaged in the initial planning meeting. Moreover, counsel must account for the time demands of his other cases and plan to balance those time demands with the demands of the case at bar. Simply put, the fact that counsel for the Plaintiff is busy or potentially overworked has no bearing on whether good cause exists to amend the scheduling order in this matter. Through the exercise of due diligence, counsel for the Plaintiff could have accounted for these conflicts and other time-consuming demands when conferring with opposing counsel and could have raised these issues with the Court when the scheduling order was entered. At this juncture, counsel has failed to demonstrate

that he cannot meet the deadlines in the scheduling order based on any of the proffered explanation above.

## C.  Discovery Issues

Plaintiff's most compelling case for amending the scheduling order is her allegation that defense counsel have engaged in gamesmanship in discovery and have failed to fully comply with their initial disclosure obligations under Rule 26(a)(1). Again, counsel for the defense may not use the deadlines in the scheduling order as a weapon to impede discovery to which the Plaintiff is entitled. Counsel for the Defendants have an obligation to fully comply with the initial disclosure requirements in Rule 26.

Plaintiff generally claims that the Defendants have failed to fully comply with their initial disclosure obligations. For instance, Plaintiff asserts that "[v]irtually no job data was disclosed by the Defendants as [i]nitial [d]isclosures." [DE 18 at 1, Pg ID 120]. Plaintiff also claims that other information that should have been disclosed was withheld from the Defendants' initial disclosures. [DE 23 at 5, Pg ID 144]. Of course, if the Defendants are in fact withholding discoverable information that should have been disclosed in the initial disclosures, that would likely prevent the Plaintiff from complying with the deadlines in the scheduling order, even with the exercise of due diligence. As a result, such a finding may constitute good cause for extending some of the upcoming deadlines in the scheduling order.

Still, the Federal Rules provide recourse for the Plaintiff if the Defendants refuse to fully comply with their duty to provide initial disclosures. For instance, after making a good faith attempt to confer with opposing counsel to resolve any discovery disputes, the Plaintiff may move to compel discovery under Rule 37. Additionally, the Plaintiff may move for sanctions against defense counsel if they refuse to comply with the Rules. Finally, the Plaintiff may also attempt to fill in the gaps in discovery or obtain necessary information in the normal course of discovery through interrogatories and depositions. Ultimately, the Federal Rules provide various mechanisms for the Plaintiff to obtain the information she requires if the Defendants fail to comply with their discovery obligations.

Even so, at this juncture, the Plaintiff's complaints about discovery are largely general in nature and the Plaintiff has not pointed to sufficiently specific information that has been withheld by the Defendants that should have been disclosed. As such, if the Plaintiff feels that information is being wrongfully withheld, she must present the Court with more than allegations about general information that the Defendants have failed to provide. As such, at this time, Plaintiff has failed to submit enough information that would provide good cause for extending the deadlines for expert witness disclosures.

## IV. Conclusion

In sum, Plaintiff has failed to demonstrate good cause to justify departure from the Court's scheduling order. Plaintiff moved to amend the entire scheduling order based on practicalities and other foreseeable conflicts nearly three months into discovery and after the deadline to amend pleadings and add parties had passed. But counsel for the Plaintiff agreed to these deadlines and has failed to demonstrate that they may not be met through the exercise of due diligence.

Still, to the extent that the Defendants are refusing to comply with their obligations to provide initial disclosures under Rule 26(a)(1), Plaintiff may move to compel discovery, for sanctions, and to extend the upcoming deadlines in the scheduling order upon a showing of good cause based on specific deficiencies with discovery.

Otherwise, Rule 26(f) conferences are to be taken seriously and a scheduling order is more than "a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Century Indem. Co.*, 323 F.R.D. at 240 (internal citations and quotations omitted). To that end, without a showing of good cause, counsel for the Plaintiff is not entitled to disregard deadlines that he agreed to over three months ago simply because he has failed to exercise due diligence in prosecuting this action.

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's motion to amend or correct the scheduling order [DE 16] is **DENIED**;

(2) Plaintiff's motion for extension of time for expert witness disclosure [DE 18] is **DENIED**; and

(3) Plaintiff's motion for a hearing on the motion for extension of time [DE 19] is **DENIED**.

This the 1st day of May, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge